JIM ALLEN, ET AL v. THE TRI-COUNTY WATERSHED IMPROVEMENT DISTRICT

5-4731 435 S.W. 2d 796

Supplemental Opinion on Rehearing Delivered
January 27, 1967

*Charles F. Cole* and *Fred Livingston* for appellants.

*Ponder & Lingo* for appellee.

CONLEY BYRD, Justice. Appellants on rehearing argue that it is error to accept the assessment records as evidence of the ownership by the landowners within the district.

The record, as abstracted, shows that evidence was taken for four days to determine the number of landowners within the district. The evidence on this issue was closed on August 31, 1967. The court determined the number of valid signatures and the total number of landowners on October 6, 1967. The only abstracted objection touching upon the use of the assessment rec-

ords arose at the final hearing held on December 14, 1967 and is as follows:

MR. COLE:

Your Honor, I understood that subsequent to the filing of the second petition (Tr. 95-103) we would be given time to present evidence as to the ownership of the lands involved. (Tr. 898).

THE COURT:

That opportunity was given in those 4 days.

MR. COLE:

I understood that possibly the Court would be willing to give us additional time.

THE COURT:

No, that was taken up pretty thoroughly.

\* ❊ ❊ ❊

MR. COLE:

It is my understanding that the Court has accepted a tabulation that was prepared setting out the names of the assessed owners. I think it has been referred to, and should be made a part of the record.

I am raising this point as I feel that a wife is as much an owner of the lands as the husband in a conveyance to husband and wife. The testimony we have heard today makes it clear that in many such instances, the wife has not been included. The ownership has been taken from the assessment records which generally shows the husband's name—it is no evidence whatever of the ownership of the wife where it is owned by them as tenants by the entirety. I feel that in order for the Court to pass

on whether there is a majority of ownership, we should be permitted to present that.

THE COURT:

There was ample opportunity; the gate is closed. That is the ruling of the Court.

MR. COLE:

So then we are denied the right to bring in instances of where a husband and wife . . .

THE COURT:

That is right; proof has been taken on that score.

MR. COLE:

I don't want to be in the position of arguing with the Court, but as I understand, the only proof which has been taken is protesting the formation of the district; not the question of ownership involved.

THE COURT:

Ample opportunity was had to bring that out; it will not be gone into from here on.

MR. COLE:

Please note our objections to the ruling of the Court on the question of bringing in the ownership of the wife in estates by entirety.

In their petition for rehearing, appellants refer to a motion that raised the issue of the probative value of the assessment records for purposes of determining ownership. The only abstracted motion that we find is as follows:

## RESPONSE AND MOTION

The opponents, appellants here, filed a Response and Motion, (Tr. 106-107), contending that

the proponents had failed to make a prima facie showing that the petition had been signed by the majority in number of the landowners within the proposed district; that they had failed to obtain the valid signatures of a majority of the landowners, nor a majority of the lands involved.

That the petition contained names of persons who did not in fact own lands in the proposed district.

That the petition did not in fact contain the signatures of 243 persons owning lands in the affected area.

That there were duplications in some of the signatures and these were counted twice.

That the petition filed contained a large area of land which was not included in the area sought to be incorporated in the proposed district, nor were these excluded lands contained in the Notices published.

This petition then suggested the appointment of a Master in Chancery to make a detailed study of the matter, and to make a report of its findings to the Court.

As we read the abstracted record, the issue here argued with reference to the acceptance of assessment records as proof of ownership was never raised in the trial court. We consistently hold that we will not reach an issue raised for the first time on appeal. For this reason, the petition for rehearing is denied.

While we must recognize from common experience that the ownership of lands shown by the assessment records is certainly not conclusive as to the persons who own the lands, yet we are not in a position to say that the assessments records are no evidence of ownership,

especially when the proof with respect thereto is brought into the record without objection.

Petition for rehearing denied.

HOLT, J., not participating.